# EXHIBIT B-1



# Notice of Service of Process

null / ALL
Transmittal Number: 20652532
Date Processed: 11/06/2019

| | |
|---|---|
| Primary Contact: | Tanya Flores<br>Midland Credit Management, Inc.<br>350 Camino de La Reina<br>Ste 100<br>San Diego, CA 92108-3007 |
| Electronic copy provided to: | Krista Yerby |
| Entity: | Midland Funding LLC<br>Entity ID Number  2618148 |
| Entity Served: | Midland Funding LLC |
| Title of Action: | Kristina Kipling vs. Midland Funding, LLC |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Violation of State/Federal Act |
| Court/Agency: | Travis County Justice Court, TX |
| Case/Reference No: | J1-CV-19-005069 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 11/01/2019 |
| Answer or Appearance Due: | 14 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Robert Zimmer<br>512-434-0306 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

## JUSTICE CIVIL CITATION

THE STATE OF TEXAS

TO: (MIDLAND FUNDING, LLC)
THROUGH IT'S REGISTERED AGENT, CORPORATION SERVICE
COMPANY DBA CSC – LAWYERS INC.
211 E. 7TH STREET, SUITE 620
AUSTIN, TX 78701

Respondent, in the hereinafter styled and numbered cause:

You have been sued. You may employ an attorney to help you in defending against this lawsuit. But you are not required to employ an attorney. You or your attorney must file an answer with the court. Your answer is due by the end of the 14th day after the day you were served with these papers. If the 14th day is a Saturday, Sunday, or legal holiday, your answer is due by the end of the first day following the 14th day that is not a Saturday, Sunday, or legal holiday. Do not ignore these papers. If you do not file an answer by the due date, a default judgment may be taken against you. For further information, consult Part V of the Texas Rules of Civil Procedure, which is available online and also at the court listed on this citation.

YOUR WRITTEN ANSWER SHALL BE FILED AT 4717 Heflin Lane, #107, Austin, Texas 78721.

IF YOU HAVE ANY QUESTIONS, YOU SHOULD CONSULT AN ATTORNEY.

Your cause number **J1-CV-19-005069** was filed in Justice Court, Precinct One, on October 30, 2019, styled

        Kristina Kipling, Petitioner/s vs.
        Midland Funding, LLC, Respondent/s

Issued on the 31st day of October, 2019.    10/31/2019 3:23:42 PM



Sharon Ellerby, Deputy Clerk
4717 Heflin Lane, #107, Austin, Texas 78721
Justice of the Peace, Precinct One
Yvonne M. Williams, Judge

| **Petitioner's Attorney** | **Agent** | **Petitioner** |
|---|---|---|
| ROBERT ZIMMER<br>707 W 10TH ST<br>AUSTIN TX 78701 | | KRISTINA KIPLING<br>NO KNOWN ADDRESS |

Cause number is **J1-CV-19-005069**
Case styled: Kristina Kipling, Petitioner/s vs.
Midland Funding, LLC, Respondent/s

--------- OFFICER'S RETURN ----------

Came to the hand on the _____ day of _____, 20___ at _____ o'clock ___. M.
Executed at _____ within County of Travis at _____
o'clock _____. M. on the _____ day of _____, 20 _____, by
delivering to the within named_____

_____

a true copy of this citation together with the accompanying copy of the petition have first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

To certify which witness my hand officially:

                                    _____
                                    Constable, Precinct One of Travis County, Texas
                                    By Deputy _____

Filed: 10/30/2019 5:56 PM
Judge Yvonne M. Williams, JP1
Travis County, Texas
J1-CV-19-005069

NO. _____

| | | |
|---|---|---|
| KRISTINA KIPLING, <br> Plaintiff | § § § § | IN THE JUSTICE COURT |
| VS. | § § | PRECINCT NO. 1 |
| MIDLAND FUNDING, LLC, <br> Defendant | § § § § § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF Kristina Kipling ("Kipling") and files this, her Original Petition, complaining of DEFENDANT Midland Funding, LLC ("Midland"), and for causes of action would respectfully show this Honorable Court the following:

### PARTIES

Plaintiff Kristina Kipling is a resident of Bexar County, Texas.

Defendant Midland Funding, LLC is foreign corporation domiciled in California, which does or transacts business in Texas. Its principal address is 350 Camino de la Reina, Suite 300, San Diego, CA 92108.

Defendant Midland Funding, LLC may be served with process via certified mail, through its registered agent, CORPORATION SERVICE COMPANY DBA CSC - LAWYERS INC., 211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701.

Filed: 10/30/2019 5:56 PM
Judge Yvonne M. Williams, JP1
Travis County, Texas
J1-CV-19-005069

## VENUE & JURISDICTION

1. Per Justice Court rules, Plaintiff claims monetary relief of $10,000.00 or less, and nonmonetary relief.

2. Venue is proper in this Court, pursuant to Tex. Civ. Prac. & Rem. Code §§ 15.038, and 15 U.S.C. § 1692k(d).

## FACTUAL ALLEGATIONS

3. At all times relevant to this claim, Kipling was a "consumer" as that term is defined in the Texas Debt Collection Act ("TDCA"), Tex Fin. Code § 392.001(1); the Texas Deceptive Trade Practices Act ("TDTPA"), Tex. Bus. Comm. Code § 17.45(4); and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a).

4. At all times relevant to this claim, Midland both a "debt collector" and a "third party debt collector" as those terms are defined in the TDCA §§ 392.001(6),(7) and a "debt collector" as that term is defined in the FDCPA § 1692(a).

5. The claims in this lawsuit arose from Midland's illegal attempts to collect a consumer debt, account number starting with 858034, in the approximate amount of $1833.00, (the "alleged debt").

6. On or about October 2019, in an attempt to avoid foreclosure on her home, Plaintiff applied for credit.

7. Plaintiff's credit application was rejected in part due to false information that Midland furnished to Experian, Trans Union, and Equifax (together, the "credit bureaus").

8. Since May 2018, Midland has been falsely reporting to the credit bureaus that the alleged debt is a new delinquent account that Plaintiff opened in May 2018, when in fact the alleged debt is a Synchrony Bank account which was opened in May 2015.

Filed: 10/30/2019 5:56 PM
Judge Yvonne M. Williams, JP1
Travis County, Texas
J1-CV-19-005069

9. This practice of double-reporting the same debt is called "re-aging," and is a common debt collection tactic employed by companies such as Midland.

10. The practice of "re-aging" debts enables Midland to conceal the original creditor, true status, actual dollar value, and/or the statute of limitations of alleged debts such as the one at issue in the instant litigation.

11. Here, Midland is illegally reporting the alleged debt as a new delinquent account (opened 2018) rather than accurately reporting its true nature – a Synchrony Bank account (opened in 2015).

12. The debt collection tactic of re-aging damages consumer credit scores.

13. Here, Midland's re-aging of the alleged debt prevented Plaintiff from obtaining credit and she faces foreclosure.

14. Upon information and belief, all or part of the alleged debt was incurred by Plaintiff's ex-husband and should have been his responsibility after Plaintiff's divorce with him.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE TEXAS DEBT COLLECTION ACT ("TDCA"), TEX. FIN. CODE §392 *et seq.*

15. Kipling incorporates the preceding paragraphs as if set forth at length.

16. Midland violated the TDCA §392.301(a)(3) by falsely communicating to the credit bureaus that Kipling refused to pay the alleged debt.

17. Midland violated and continues to violate the TDCA §§ 392.304(a)(8), (19) by falsely representing the character, amount, and status of the alleged debt to the credit bureaus.

Filed: 10/30/2019 5:56 PM
Judge Yvonne M. Williams, JP1
Travis County, Texas
J1-CV-19-005069

18. Midland violated the TDCA § 392.304(a)(19) because the practice of "re-aging" debts is a deceptive and unfair means of debt collection.

19. As a result of Midland's violations of the TDCA, Kipling is entitled to an order directing Midland to permanently cease collection activity on the alleged debt, pursuant to TDCA §392.403(a)(1); actual damages pursuant to TDCA § 403(a)(2); statutory damages of no less than $100.00 pursuant to the TDCA §392.403(e); and reasonable attorney fees pursuant to § 392.403(c).

## COUNT II

## VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT ("TDTPA"), TEX. BUS & COM § 17.46 *et seq.*

20. Kipling incorporates the preceding paragraphs as if set forth at length.

21. Pursuant to the TDCA § 392.404, a violation of that statute is a deceptive trade practice under Tex. Bus. & Com. Code § 17.46 *et seq*, and is actionable under that subchapter.

22. Midland's illegal debt collection activities, as described herein, constitute false, misleading, and deceptive business practices that are prohibited by the TDTPA §§ 17.46(b), 17.50(a)(1), and are unconscionable business practices prohibited by the TDTPA 17.50(a)(3).

23. As a result of Midland's violations of the TDTPA, Kipling is entitled to recover treble actual damages, injunctive relief, and attorney fees from the Defendant, pursuant to TDTPA §§ 17.50(b), (d).

## COUNT III

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

24. Kipling incorporates the preceding paragraphs as if set forth at length.

Filed: 10/30/2019 5:56 PM
Judge Yvonne M. Williams, JP1
Travis County, Texas
J1-CV-19-005069

25. Midland violated the FDCPA § 1692f because the practice of "re-aging" debts is an unfair and deceptive debt collection practice.

26. Midland violated the FDCPA § 1692f because the contents of the collection letter sent to Kipling is an unfair and deceptive debt collection practice.

27. Midland violated the FDCPA § 1692e(10) by falsely communicating to the credit bureaus that the alleged debt was a brand-new delinquent account in order to conceal that the alleged debt is in fact a much older Synchrony Bank account.

## COUNT IV

## UNREASONABLE DEBT COLLECTION PRACTICES

28. Kipling incorporates the preceding paragraphs as if set forth at length.

29. Texas law recognizes the right of its citizens, established at common law, to be free from unreasonable debt collection practices.

30. Midland's conduct as described herein constitutes unreasonable debt collection practices against Kipling.

31. As a result of Midland's unreasonable debt collection practices, Kipling is entitled to actual damages according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kristina Kipling prays that this Court enter judgment against Defendant Midland Funding LLC, as follows:

   a. award Kipling statutory damages of no less than $100.00, and attorney fees and costs of court, per the TDCA § 392.403;

Filed: 10/30/2019 5:56 PM
Judge Yvonne M. Williams, JP1
Travis County, Texas
J1-CV-19-005069

b.  award Kipling statutory damages of no less than $1,000.00, and attorney fees and costs of court, per the FDCPA § 1692k;

c.  award Kipling treble actual damages, attorney fees, and costs of court, per the TDTPA § 17.50(b);

d.  enter an order enjoining Midland from engaging in any further collection activities on this alleged debt, the injunction being authorized by the TDCA §392.403, FDCPA § 1692(k), and TDTPA § 17.50(b);

e.  award Kipling any other relief to which this Court may find her entitled in law or in equity.

Respectfully Submitted,

Zimmer & Associates
1108 Lavaca Street, Suite 110-187
Austin, Texas 78701
Telephone: (512) 434-0306
Facsimile: (310) 943-6954

/s/ Robert Zimmer
By:   Robert Zimmer
State Bar No. 24098662
zimmerlawTX@gmail.com

**ATTORNEY FOR PLAINTIFF,
KRISTINA KIPLING**

# JUSTICE COURT CIVIL CASE INFORMATION SHEET (4/13)

Filed: 10/30/2019 5:56 PM
Judge Yvonne M. Williams, JP1
Travis County, Texas
J1-CV-19-005069

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____

**STYLED** Kristina Kipling v. Midland Funding, LLC
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition is filed to initiate a new suit. The information should be the best available at the time of filing. This sheet, required by Rule of Civil Procedure 502, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | 2. Names of parties in case: |
|---|---|
| Name: Robert Zimmer, Esq.  Telephone: 512-434-0306 | Plaintiff(s): Kristina Kipling |
| Address: 1108 Lavaca St., Ste. 110-187  Fax: 310-943-6954 | |
| City/State/Zip: Austin, TX 78701  State Bar No: 24098662 | Defendant(s): Midland Funding, LLC |
| Email: zimmerlawTX@gmail.com | |
| Signature: *Robert Zimmer* | [Attach additional page as necessary to list all parties] |

**3. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| ☐ **Debt Claim**: A debt claim case is a lawsuit brought to recover a debt by an assignee of a claim, a debt collector or collection agency, a financial institution, or a person or entity primarily engaged in the business of lending money at interest. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. | ☐ **Eviction:** An eviction case is a lawsuit brought to recover possession of real property, often by a landlord against a tenant. A claim for rent may be joined with an eviction case if the amount of rent due and unpaid is not more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. |
|---|---|
| ☐ **Repair and Remedy**: A repair and remedy case is a lawsuit filed by a residential tenant under Chapter 92, Subchapter B of the Texas Property Code to enforce the landlord's duty to repair or remedy a condition materially affecting the physical health or safety of an ordinary tenant. The relief sought can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. | ☑ **Small Claims:** A small claims case is a lawsuit brought for the recovery of money damages, civil penalties, personal property, or other relief allowed by law. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. |