# EXHIBIT B-3

NO. J1-CV-19-005069

| | | |
|---|---|---|
| KRISTINA KIPLING, § | | IN THE JUSTICE COURT |
| *Plaintiff* § | | |
| § | | |
| VS. § | | |
| § | | PRECINCT NO. 1 |
| MIDLAND FUNDING, LLC, § | | |
| SCOTT & ASSOCIATES, P.C., § | | |
| *Defendants* § | | |
| § | | TRAVIS COUNTY, TEXAS |
| § | | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF Kristina Kipling ("Kipling") and pursuant to Tex. R. Civ. P., Rule 63, files this, her First Amended Complaint, complaining of DEFENDANTS Midland Funding, LLC ("Midland") and Scott & Associates, P.C. ("Scott"), and for causes of action would respectfully show this Honorable Court the following:

## PARTIES

Plaintiff Kristina Kipling is a resident of Bexar County, Texas.

Defendant Midland Funding, LLC is foreign corporation domiciled in California, which does or transacts business in Texas. Its principal address is 350 Camino de la Reina, Suite 300, San Diego, CA 92108.

Defendant Midland Funding, LLC may be served with process via certified mail, through its registered agent, CORPORATION SERVICE COMPANY DBA CSC - LAWYERS INC., 211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701.

Defendant Scott & Associates, P.C. is a professional corporation organized under the laws of the state of Texas with its principal place of business located at 1120 Metrocrest Drive, Suite 100, Carrollton, Texas.

Defendant Scott & Associates, P.C., may be served with process through its registered agent, NATIONAL REGISTERED AGENTS, INC., 1999 BRYAN ST., STE. 900 DALLAS, TX 75201.

## VENUE & JURISDICTION

1. Per Justice Court rules, Plaintiff claims monetary relief of $20,000.00 or less, and nonmonetary relief.

2. Venue is proper in this Court, pursuant to Tex. Civ. Prac. & Rem. Code §§ 15.038, and 15 U.S.C. § 1692k(d).

## FACTUAL ALLEGATIONS

3. At all times relevant to this claim, Kipling was a "consumer" as that term is defined in the Texas Debt Collection Act ("TDCA"), Tex Fin. Code § 392.001(1); the Texas Deceptive Trade Practices Act ("TDTPA"), Tex. Bus. Comm. Code § 17.45(4); and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a).

4. At all times relevant to this claim, Midland was both a "debt collector" and a "third party debt collector" as those terms are defined in the TDCA §§ 392.001(6),(7) and a "debt collector" as that term is defined in the FDCPA § 1692(a).

5. At all times relevant to this claim, Scott was both a "debt collector" and a "third party debt collector" as those terms are defined in the TDCA §§ 392.001(6),(7) and a "debt collector" as that term is defined in the FDCPA § 1692(a).

Case 1:19-cv-01176-RP   Document 1-7   Filed 11/30/19   Page 4 of 9

3

6. The claims in this lawsuit arose from Midland's illegal attempts to collect a consumer debt, account number starting with 858034, in the approximate amount of $1833.00, (the "alleged debt").

7. On or about October 2019, in an attempt to avoid foreclosure on her home, Plaintiff applied for credit.

8. Plaintiff's credit application was rejected in part due to false information that Midland furnished to Experian, Trans Union, and Equifax (together, the "credit bureaus").

9. Since May 2018, Midland has been falsely reporting to the credit bureaus that the alleged debt is a new delinquent account that Plaintiff opened in May 2018, when in fact the alleged debt is a Synchrony Bank account which was opened in May 2015.

10. This practice of double-reporting the same debt is called "re-aging," and is a common debt collection tactic employed by companies such as Midland.

11. The practice of "re-aging" debts enables Midland to conceal the original creditor, true status, actual dollar value, and/or the statute of limitations of alleged debts such as the one at issue in the instant litigation.

12. Here, Midland is illegally reporting the alleged debt as a new delinquent account (opened 2018) rather than accurately reporting its true nature – a Synchrony Bank account (opened in 2015).

13. The debt collection tactic of re-aging damages consumer credit scores.

14. Here, Midland's re-aging of the alleged debt prevented Plaintiff from obtaining credit and she faces foreclosure.

15. Upon information and belief, all or part of the alleged debt was incurred by Plaintiff's ex-husband and should have been his responsibility after Plaintiff's divorce with him.

16. In order to collect the alleged debt from Kipling, and at the direction and/or control of Midland, Scott filed a lawsuit against Kipling captioned *Midland Funding, LLC v. Kristina Kipling*, 31DC1904323.

17. In addition to being served with the lawsuit and summons, Plaintiff received this yellow card from Scott's process server:



18. This yellow card was not covered by any sort of envelope when provided to the process server by Defendants, and was given to Plaintiff by the process server.

19. The yellow card and its contents were entirely visible to the process server, and the process server viewed the document prior to handing it to Plaintiff.

20. As such, Defendants' use of the yellow card constitutes an impermissible communication with a third party under 15 U.S.C. § 1692c(b), as it communicated to the process server that Plaintiff allegedly owed a debt that was being collected by Defendants.

21. Additionally, the yellow card was not the first communication Plaintiff received from Defendants.

22. As such, the failure to disclose that the yellow card was from a debt collector is in direct violation of 15 U.S.C. § 1692e(11).

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE TEXAS DEBT COLLECTION ACT ("TDCA"), TEX. FIN. CODE §392 *et seq.*

23. Kipling incorporates the preceding paragraphs as if set forth at length.

24. Midland violated the TDCA §392.301(a)(3) by falsely communicating to the credit bureaus that Kipling refused to pay the alleged debt.

25. Midland violated and continues to violate the TDCA §§ 392.304(a)(8), (19) by falsely representing the character, amount, and status of the alleged debt to the credit bureaus.

26. Scott and Midland violated the TDCA § 392.304(a)(5)(B) because the yellow card did not state that it was a communication from a debt collector.

27. Midland violated the TDCA § 392.304(a)(19) because the practice of "re-aging" debts is a deceptive and unfair means of debt collection.

28. As a result of Midland's and Scott's violations of the TDCA, Kipling is entitled to an order directing Midland and Scott to permanently cease collection activity on the alleged debt, pursuant to TDCA §392.403(a)(1); actual damages pursuant to TDCA § 403(a)(2); statutory damages of no less than $100.00 pursuant to the TDCA §392.403(e); and reasonable attorney fees pursuant to § 392.403(c).

## COUNT II

### VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT ("TDTPA"), TEX. BUS & COM § 17.46 *et seq.*

29. Kipling incorporates the preceding paragraphs as if set forth at length.

30. Pursuant to the TDCA § 392.404, a violation of that statute is a deceptive trade practice under Tex. Bus. & Com. Code § 17.46 *et seq*, and is actionable under that subchapter.

31. Midland's and Scott's illegal debt collection activities, as described herein, constitute false, misleading, and deceptive business practices that are prohibited by the TDTPA §§ 17.46(b), 17.50(a)(1), and are unconscionable business practices prohibited by the TDTPA 17.50(a)(3).

32. As a result of Midland's and Scott's violations of the TDTPA, Kipling is entitled to recover treble actual damages, injunctive relief, and attorney fees from the Defendant, pursuant to TDTPA §§ 17.50(b), (d).

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

33. Kipling incorporates the preceding paragraphs as if set forth at length.

34. Midland violated the FDCPA § 1692f because the practice of "re-aging" debts is an unfair and deceptive debt collection practice.

35. Midland violated the FDCPA § 1692f because the contents of the collection letter sent to Kipling is an unfair and deceptive debt collection practice.

36. Midland violated the FDCPA § 1692e(10) by falsely communicating to the credit bureaus that the alleged debt was a brand-new delinquent account in order to conceal that the alleged debt is in fact a much older Synchrony Bank account.

Case 1:19-cv-01176-RP   Document 1-7   Filed 11/30/19   Page 8 of 9

7

37. Midland and Scott violated the FDCPA § 1692e(11) because the yellow card failed to state that it was a communication from a debt collector.

38. As a result of Midland and Scott's violations of the FDCPA, Kipling is entitled to statutory damages of $1,000.00; actual damages according to proof; and reasonable attorney fees pursuant to the FDCPA § 1692k(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kristina Kipling prays that this Court enter judgment against Defendant Midland Funding LLC, as follows:

a. award Kipling statutory damages of <u>no less than</u> $100.00, and attorney fees and costs of court, per the TDCA § 392.403;

b. award Kipling statutory damages of $1,000.00, and attorney fees and costs of court, per the FDCPA § 1692k;

c. award Kipling treble actual damages, attorney fees, and costs of court, per the TDTPA § 17.50(b);

d. enter an order enjoining Midland and Scott from engaging in any further collection activities on this alleged debt, the injunction being authorized by the TDCA §392.403, FDCPA § 1692(k), and TDTPA § 17.50(b);

e. award Kipling any other relief to she may be entitled in law or in equity.

    Respectfully Submitted,

    Zimmer & Associates
    1108 Lavaca Street, Suite 110-187
    Austin, Texas 78701
    Telephone: (512) 434-0306
    Facsimile: (310) 943-6954

**[signature block continues on next page]**

/s/ Robert Zimmer  
By:   Robert Zimmer  
State Bar No. 24098662  
zimmerlawTX@gmail.com

**ATTORNEY FOR PLAINTIFF,
KRISTINA KIPLING**

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on November 29, 2019, a true and correct copy of the foregoing has been served on the Court and all parties, pursuant to the Texas Rules of Civil Procedure.

Respectfully submitted,

/s/ Robert Zimmer

Robert Zimmer, Esq.